# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs February 2002

## THOMAS DYER v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 01-885-I     Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2001-01446-COA-R3-CV - Filed October 8, 2002**

---

### OPINION DENYING PETITION FOR REHEARING

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Thomas Dyer has filed a respectful and timely Petition to Rehear. He states that our opinion mistakenly asserted that he failed to petition the Department for a Declaratory Order. Upon further examination of the record, we are obligated to conclude that he is correct. The record shows that he indeed filed a Petition for Declaratory Order, and that the petition was denied. Thus, we were mistaken to conclude that we lacked jurisdiction to consider his Petition for a Declaratory Judgment under the UAPA.

However, our analysis of his case did not end with the question of jurisdiction. In our opinion, we discussed the three constitutional questions he raised on appeal, and found that none of them entitled him to the relief he sought. Two of those three questions (ex post facto concerns and double jeopardy) were included in his Petition for Declaratory Order, and were rejected by the Department on the basis of reasoning that was virtually identical to the reasoning we used in reaching the same conclusions. Nothing in the Petition to Rehear gives us reason to change those conclusions.

We note that in the current petition, Mr. Dyer advances yet another constitutional argument: that to order an extension of his release eligibility date through an administrative procedure rather than through a judicial trial amounts to an unconstitutional bill of attainder. As we stated in our opinion, the Criminal Sentencing Reform Act of 1982 provided that a prisoner's release eligibility date may be deferred at the discretion of the Commissioner. It thus appears that the possibility of an administrative extension of Mr. Dyer's RED was part of his original judicially-determined sentence, and thus that there is no constitutional violation, so long as the extension does not result in a sentence of greater duration than that imposed by the court.

The Petition to Rehear is denied.

                                             _____

BEN H. CANTRELL, PRESIDING JUDGE, M.S.